IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PAUL CLICK, | ) |
| | ) |
| PLAINTIFF, | ) |
| v. | ) DOCKET NO: |
| | ) JURY OF TWELVE DEMANDED |
| STAR CONSTRUCTION, LLC, | ) |
| | ) |
| DEFENDANT. | ) |

**COMPLAINT FOR DAMAGES**

Plaintiff states:

1. The Plaintiff is a citizen and resident of Murfreesboro, Rutherford County, Tennessee.

2. The Defendant, Star Construction, LLC, is a Delaware formed, for-profit corporation headquartered in Knoxville, Tennessee authorized to be conducting business in the state of Tennessee, which may be served through its registered agent C T Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

3. This incident occurred in Davidson County, Tennessee, therefore, jurisdiction and venue are proper before this court.

4. On April 11, 2021, the Plaintiff was walking on a sidewalk near 818 19th Avenue South in Nashville, Tennessee where there had been ongoing construction going on, and while he was walking, he suddenly tripped over a silver/grey metal sheet that was laying across the public sidewalk.

5. When the Plaintiff tripped, he fell down and hit his head and both of his knees and fell on his left arm and sustained serious bodily injuries, including, but not limited to a fractured kneecap, requiring surgery, a head injury, and fractured ribs.

6. The metal sheet was very similar in color to the sidewalk upon which it was laid upon and it was not flush with the sidewalk, but rather had a difference in height of a couple of inches and it constituted a dangerous condition.

7. The metal sheet had been placed on the sidewalk by the Defendant's employees/agents/servants.

8. The presence of the metal sheet and the presence of an area where the height of the sidewalk changed was not obvious and apparent to the Plaintiff while he was walking.

9. There were no cones or signs or warnings of any type alerting the Plaintiff to the presence of the metal plate or the differing height levels of the pedestrian sidewalk and the Defendant's employees/agents/servants failed to otherwise provide any warning of the dangerous conditions.

10. The sidewalk was for pedestrians to use, and at the time of this incident, it was not blocked off for pedestrian use.

11. The Defendant had a duty to take reasonable steps to maintain its premises in a reasonably safe condition.

12. The serious injuries the Plaintiff suffered were a direct and foreseeable result of the Defendant's breach of duty to maintain the premises in a reasonably safe condition.

13. Through the above-listed acts and omissions, the Defendant failed to use the ordinary care that ordinarily careful business owners and/or persons would use to avoid injury to others under the same or similar circumstances.

14. The Defendant breached this duty by failing to maintain the regularly traveled pedestrian sidewalk in a safe condition and/or ensure that the sidewalk was free of any hazards such as metal sheet that the Defendant placed there.

15. During all relevant times herein, all acts of Defendant's officers, agents, employees, and/or servants are imputed to Defendants via the doctrine of *respondeat superior*.

16. The area where the incident occurred was under the control of Defendant, whereby negligence for failure to adequately make safe the dangerous condition is inferred under the doctrine of *res ipsa loquitor*, proximately causing the Plaintiff to fall and suffer serious bodily injuries.

17. The Defendant had actual notice of the dangerous condition because it created the dangerous condition by placing the metal sheet on the sidewalk without either blocking it up or displaying warnings, cones, hazard tape, or any other caution signs. Alternatively, the Defendant had constructive notice of the dangerous condition because it should have known that the placement of the metal plate created a foreseeable risk of danger to pedestrians.

18. As a direct and proximate result of the negligence of the Defendant, and its officers, agents, employees, and/or servants, the Plaintiff suffered serious, disabling, and painful bodily injuries, causing the Plaintiff to become liable for medical and other expenses.

19. As a direct and proximate result of the negligence of the Defendant and its employees, the Plaintiff alleges that he is entitled to damages, including but not limited to the following specific items of damages:

    a. Physical pain, both past and future;

    b. Emotional suffering and grief, both past and future;

    c. Health care expenses; both past and future;

    d. Loss of income; both past and future;

    e. Loss of enjoyment of life;

    f. Costs of this cause; and

    g. All other general damages and other relief allowed under the laws of the state of Tennessee to which he is entitled.

**WHEREFORE, PLAINTIFF PRAYS:**

1. For a judgment against the Defendants for compensatory damages in an amount to be determined by a jury, but no less than $500,000.00, for the damages and losses suffered by the Plaintiff as a proximate result of the Defendant's acts, omissions, negligence, statutory violations and/or other allegations set forth herein.

2. For cost of this matter to be taxed to the Defendant.

3. That service of process issue and be served upon the Defendant requiring Defendant to appear and answer within the time required by law.

4. For a jury trial to try this matter.

5. For such other, further and general relief to which Plaintiff is entitled under the law.

Respectfully Submitted,

**MORGAN & MORGAN**

**CARRIE LABREC**, BPR No. 26865
810 Broadway, Suite 105
Nashville, TN 37203
P: (615) 780-6310
F: (615) 780-6410
E: clabrec@forthepeople.com
*Attorney for Plaintiff*