UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAUL CLICK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:22-cv-00323 |
| | ) |
| STAR CONSTRUCTION, LLC, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Pending before the Court is Star Construction, LLC's ("Star") Motion for Summary Judgment (Doc. No. 14). Plaintiff Paul Click responded (Doc. No. 18), and Star filed a reply brief (Doc. No. 19). For the following reasons, Star's Motion for Summary Judgment (Doc. No. 14) will be granted.

**I.  BACKGROUND AND UNDISPUTED FACTS[1]**

Paul Click and his friend, Keith Kouns, were walking to lunch on the sidewalk along 19th Avenue South in Nashville, Tennessee. (Doc. No. 18-1 ¶ 3). Though Click was 74 years old and had a history of Parkinson's disease, (Doc. No. 18-1 ¶ 1), he made his way without a cane or a walker. (Doc. No. 18-1 ¶ 6). Despite his diagnosis, and symptoms including tremors, difficulty with balance, shuffling of feet, bilateral leg swelling, generalized weakness, and episodes of immobility, Click regularly walked this portion of 19th Avenue South multiple times a day. (Doc. No. 18-1 ¶¶ 2, 20).

---

[1] The facts in this section are undisputed unless specifically noted otherwise and are drawn from the undisputed portions of the parties' statements of facts (Doc. Nos. 18-1, 20), the exhibits, depositions, and declarations submitted in connection with the summary judgment briefing that are not contradicted by the evidence in the record.

Suddenly, Click found himself on the ground. (Doc. No. 14-1 at 112:20–23). His head throbbed, and his body was otherwise numb. (Doc. No. 20 ¶ 9). He had no memory of what happened, (Doc. No. 18-1 ¶¶ 8–10; Doc. No. 20 ¶ 3); but it was clear that he had fallen and landed on a metal sheet that covered a portion of the sidewalk. (Doc. No. 18-1 ¶ 13). The metal sheet had been placed by Star to cover a pit it had dug as part of an ongoing utility project, (Doc. No. 18-1 ¶ 15), but there was no construction equipment and or signage of any sort in the area, (Doc. No. 20 ¶ 6), and the sheet, which was roughly half of one inch thick, was not marked. (Doc. No. 20 ¶¶ 12–13)

Kouns, who had been walking eight to ten feet ahead of Click, (Doc. No. 18-1 ¶ 4), turned around to face Click when he heard him fall, (Doc. No. 18-1 ¶¶ 11–12), and, sometime after, the manager of the nearby Red Door Saloon, as well as two to three others, arrived to assist Click and told him what they had witnessed—that Click fell because he tripped over the metal sheet.[2] (Doc. No. 14-1 at 76:12–81:4). Eventually, a paramedic arrived and took Click to the hospital. (Doc. No. 20 ¶ 10). While in the paramedic's care, Click relayed what he had been told about his fall. (Doc. Nos. 18-10 at 2; 20 ¶ 11). This was memorialized in the paramedic's Prehospital Care Report (Doc. No. 18-10).

Almost one year later, Click filed the instant lawsuit alleging that Star is responsible under Tennessee law for Click's fall on account of the company's negligence in failing to maintain the sidewalk in a safe condition and keep it clear of hazards to pedestrians. (Doc. No. 1-1 ¶ 14). On February 14, 2023, Star moved for summary judgment to dispose of Click's single claim. (Doc. No. 14).

---

[2] Click later conceded that he was unable to identify or produce the contact information of the witnesses to his fall besides Kouns. (Doc. No. 18-1 at 13).

## II. LEGAL STANDARD

Summary judgment is appropriate only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case. Id.

In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which a trier of fact could reasonably find for the non-moving party. Rodgers, 344 F.3d at 595.

Moreover, if, "after adequate time for discovery and upon motion," the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case[] and on which that party will bear the burden of proof at trial[,]" a court should enter summary judgment in favor of the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When this occurs, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts

3

immaterial." Id. at 323 (citation an internal quotation marks omitted). Conclusory statements "unadorned with supporting facts are insufficient." Viet v. Le, 951 F.3d 818, 823 (6th Cir. 2020). Thus, if the nonmovant does not support the elements of a claim or defense, the moving party is entitled to judgment as a matter of law.

### III. ANALYSIS

In its Motion for Summary Judgment, Star challenges two elements of Click's lone negligence claim: causation and duty. Specifically, Star argues that it has demonstrated that (1) Click lacks sufficient evidence to establish the cause of his fall, (Doc. No. 15 at 5–11), and (2) it owed Click no duty under the law. (Id. at 12–21). Of course, winning on either argument spells the end of Click's case. See Celotex Corp., 477 U.S. at 322 (explaining that a plaintiff's failure to survive scrutiny on a single element is dispositive for his claim). Thus, the Court will start with causation.

Star's argument for lack of causation is straightforward. In short, Star contends that, under Tennessee law, Click must provide evidence that could identify the cause of his fall and that he failed to do so because Click has no memory of the fall and cannot identify its cause through other admissible evidence. (Doc. No. 15 at 5).

To begin, Star is correct on the law. In Tennessee, "negligence in not presumed from the mere fact of an accident or injury." Hickman v. Jordan, 87 S.W.3d 496, 499 (Tenn. Ct. App. 2001). To succeed on his claim, "a plaintiff must prove that the negligence of the defendant more likely than not caused the injury." Kilpatrick v. Bryant, 868 S.W.2d 594, 598 (Tenn. 1993); see also Pittinger v. Ruby Tuesday, Inc., No. M2006-00266-COA-R3-CV, 2007 WL 935713, at *3 ("[A] plaintiff will be prevented from establishing negligence when he, either personally or with the use of outside witnesses, is unable to identify the cause of the fall."). Although this may be

4

proven through either direct or circumstantial evidence, "where proof of causation is made by circumstantial evidence, the evidence must be such that it tends to exclude any other cause." Jenkins v. Big City Remodeling, 515 S.W.3d 843, 852 (Tenn. 2017). Accordingly, at the summary judgment stage, a plaintiff must bring forward sufficient evidence to allow the finder of fact to make such a determination when viewing the evidence and granting every reasonable inference in his favor. See Celotex Corp., 477 U.S. at 322 (1986); see also Matsushita Elec. Indus. Co., 475 U.S. at 587.

Click does not challenge Star's explanation of the law. Instead, Click argues that he should not be required to demonstrate that he knew in the moment he supposedly tripped on the metal sheet that the sheet caused his fall. (Doc. No. 18–3 at 8). He is not wrong; Click could offer evidence of all sorts to demonstrate causation—such as eyewitness testimony, security camera footage of his fall, or his own testimony that he felt his foot catch on something. But this in no way pushes back the law as it stands or absolves Click of his minimal burden of producing some proof of the causation through direct evidence or through circumstantial evidence that "tends to exclude any other cause." Jenkins, 515 S.W.3d at 852. And, in any event, Click relies entirely on circumstantial evidence to make his case.[3] (See, e.g., Doc. Nos. 18-1 ¶ 13; 18-2 ¶ 3 (together establishing that Click does not remember his fall and did not produce an eyewitness to the fall)).

---

[3] To the extent that Click argues that his Declaration (Doc. No. 18-8) might create a genuine dispute of material fact by demonstrating personal knowledge about his fall, it is to no avail. See Penny v. United Parcel Service, 128 F.3d 408, 415 (6th Cir. 1997) ("A party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony."). He conceded in his deposition that he has no memory of his fall, (see, e.g., Doc. No. 14-1 at 67:25–68:1 ("I don't have any memory of it. I just remember hitting the sidewalk.")), and affirmed as much in his own Statement of Additional Undisputed Facts. (Doc. No. 18-2 ¶ 3).

To meet his burden, Click argues that "[i]t can be inferred from all of the facts and what he discovered and reported after he fell that the metal plate, which he did not see before or while he was walking, was the cause of his fall." (Doc. No. 18-3 at 8). However, Click's failure to marshal any evidence to this end belies his point. (See id. (offering no citation to any record evidence)). The Court surmises that this refers to the seventh paragraph in his Statement of Additional Undisputed Facts, which reads, "Witnesses at a nearby restaurant/bar, the Red [Door] Saloon, saw Mr. Click trip on the metal sheet and approached him after," (Doc. No. 18-2 ¶ 7), and the narrative in the Prehospital Care Report. (Doc. No. 18-10 at 2). The Court will address each.

The proposed fact (which Star disputes) does not accurately reflect the record evidence on which it is supposedly premised. Indeed, the portion of his deposition that he cites to support this only states that "people that were there said—all told [Click] that [he] had— that [the metal plate] had caught [his] shoe." (Doc. No. 18-5 at 5). This testimony is unequivocally hearsay, Fed. R. Evid. 801(c), and, because Click "has not provided names and contact information of any witnesses to his fall," (Doc. No. 18-1 ¶ 13), it cannot be considered on summary judgment. Alexander v. CareSource, 576 F.3d 551, 558 (6th Cir. 2009) ("[T]he party opposing summary judgment must show that []he can make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue of material fact exists, and that trial is necessary."). Although Click argues in his brief that he "realized right after he fell that it was the metal sheet that caused him to fall," (Doc. No. 18-3 at 9), his Statement of Additional Undisputed Facts (Doc. No. 18-2) fails to reference anything evidencing a basis for this supposed realization other than what Click was told. (See generally id.).

For the same reason, the Court cannot rely on the narrative in the Prehospital Care Report (Doc. No. 18-10 at 2). Although its circumstances would normally cure any hearsay concerns—

Click gave his version of events to the paramedic to receive medical treatment, Fed. R. Evid. 803(4), and the report is all but certainly a record of a regularly conducted activity, Fed. R. Evid. 803(6)—the relevant statement the report contains is still rooted squarely in the hearsay statements made by the Red Door Saloon's patrons. See Harwood v. N. Am. Bancard, LLC, 2022 WL 2467722, at * 10 (E.D. Mich. July 6, 2022) ("For triple hearsay to be admissible, each separate statement must either be excluded from the hearsay definition or fall within an exception of the rule.") (citing Back v. Nestle USA, Inc., 694 F.3d 571, 578 (6th Cir. 2012)). Thus, the report cannot be considered here.

In a last-ditch effort to save his case, Click argues that several differences exist between the cases that Star spotlighted and the one now before the Court. (Doc. No. 18-3 at 8–9). Specifically, he highlights that the plaintiffs in Cartee and Lurks were all more familiar with the hazards alleged to have caused their falls[4] and that the plaintiff in Mullins could not identify the hazard without an expert witness's input. (Id.). But Click misses the point. Distinguishing a cited case from the one at bar is only as persuasive as the significance of the supposed distinction. After all, no two cases are truly identical, and courts only care about distinctions that matter. The opinions in Cartee, Lurks, and Mullins each turn on the fact that: (1) their respective plaintiff could not identify the cause of their fall on their own or through other evidence and (2) the circumstantial evidence presented did not exclude other possibilities. See Cartee v. Morris, No. M2018-02272-COA-R9-CV, 2019 WL 4234936, at *5 (Tenn. Ct. App. Sept. 6, 2019) ("[T]his circumstantial evidence does not tend to exclude any other cause, such as Mr. Cartee falling due to fainting or

---

[4] Click also seeks to distinguish Lurks by stating that, unlike here, that case included no "direct and immediate link in time to her fall and any defect in the sidewalk." (Doc. No. 18-3 at 8). But the standard applied does not factor the creation of the hazard and the incident on which the action is based. See Lurks v. City of Newbern, No. W2016-01532-COA-R3-CV, 2017 WL 384429, at *2–3 (omitting the detail in the entire legal discussion).

7

tripping over his own feet."); see also Lurks v. City of Newbern, No. W2016-01532-COA-R3-CV, 2017 WL 384429, at *3 (Tenn. Ct. App. Jan. 26, 2017) ("After careful review of the record, it is clear that at no time did Mrs. Lurks or anyone else present evidence of what caused her to fall on the sidewalk in question. In fact, when asked if she knew what caused her fall, Mrs. Lurks simply stated 'no.'"); see also Mullins v. Nash, No. 01A01-9403-CV-00138, 1994 WL 485581, at *3 (Tenn. Ct. App. Sept. 9, 1994) ("Mullins has failed to present any evidence regarding the condition of the accident scene at the time she fell. . . . Further, the affidavit of Miller merely reveals possibilities as to the cause of the fall"). The same is true here. Click's distinctions make no difference.

In short, Clark failed to offer evidence sufficient to establish causation—an essential element of his claim—and, for that reason, his case must be dismissed. Whether Star owed him a duty when it covered the hole it had dug in the sidewalk on 19th Avenue need not be reached.

## IV. CONCLUSION

For the foregoing reasons, Star's Motion for Summary Judgment (Doc. No. 14) will be granted.

An appropriate order shall enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE